UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JESUS PONCE GARCIA | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 06-7572 |
| STATE FARM FIRE AND CASUALTY COMPANY | * | SECTION "L"(5) |

## ORDER & REASONS

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 7). For the following reasons, the Plaintiff's motion is now DENIED.

**I.   BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiff's home located at 1416 St. Andrew Street in New Orleans, Louisiana, which suffered damage as a result of Hurricanes Katrina and Rita. The Defendant in this case is State Farm Fire and Casualty Company ("State Farm"), the Plaintiff's homeowner's insurance carrier.

In August of 2006, the Plaintiff filed the present action in the Civil District Court for the Parish of Orleans, State of Louisiana. The Plaintiff seeks various amounts from State Farm for repairs to his property, including $12,295.17 in depreciation, $4,400.00 for roof repairs, and $34,300.00 for structural repairs. Moreover, the Plaintiff seeks bad-faith penalties under Louisiana law and damages for mental anguish, emotional trauma, humiliation, out of pocket expense, and "all other damages and losses to which [he] is entitled pursuant to the insurance policy." The Plaintiff's petition contains no stipulation limiting the amount in controversy. However, in a post-removal affidavit, the Plaintiff stipulates that he "waives all rights to and will make no attempt to enforce and/or collect any judgment in excess of the total of $75,000.00."

1

State Farm removed this case to federal court on October 6, 2006, contending that this Court has jurisdiction under either of the following provisions: (1) diversity jurisdiction under 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000; or (2) the MultiParty, MultiForum Trial Jurisdiction Act pursuant to 28 U.S.C. § 1369. On November 14, 2006, the Plaintiff filed the instant motion to remand.

## II.   LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

State Farm contends that this Court has diversity jurisdiction over this case because complete diversity exists between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. The Plaintiff does not dispute that diversity of citizenship exists, however, he argues that the amount-in-controversy requirement is not satisfied in this case.

The uncertainty regarding the amount in controversy arises in this case because "Louisiana prohibits plaintiffs from claiming a specific dollar amount of damages." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003). In this Circuit, "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the defendant must prove by a

preponderance of the evidence that the amount in controversy" is sufficient to meet the statutory requirements.  *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).  The defendant satisfies its burden by either (1) "demonstrating that it is 'facially apparent' that the claims are likely above $75,000," or (2) "setting forth facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support the finding of the requisite amount."  *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citation omitted).

 "Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him."  *Davis v. State Farm Fire & Cas.*, Nos. 06-560, et al., 2006 WL 1581272, at *2 (E.D. La. June 7, 2006).  In this case, the Plaintiff has not made such a binding stipulation in his petition.  The Plaintiff's petition makes specific demands for at least $50,995.17.  Considering the Plaintiff's claims for bad-faith penalties and damages for mental anguish, emotional trauma, humiliation, out of pocket expense, and "all other damages and losses to which [he] is entitled pursuant to the insurance policy," the Court finds that the Defendant has demonstrated that the amount-in-controversy exceeds $75,000.  The Plaintiff's post-removal attempt to reduce the initial amount in controversy is ineffective.  *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408-11 (5th Cir. 1995); *Marcho v. Auto Club Family Ins. Co.*, No. 06-6320, 2007 WL 101198, at *1 (E.D. La. Jan. 5, 2007) ("Once diversity jurisdiction has attached, it cannot be subsequently divested by the voluntary reduction of the amount in controversy below the jurisdictional limit.").  Accordingly, the Court finds that

diversity jurisdiction exists in this case.[1]

## III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Remand is DENIED.

New Orleans, Louisiana, this ___8th___ day of ___March___, 2007.

                                                           UNITED STATES DISTRICT JUDGE

---

[1] While the Court need not consider whether federal jurisdiction exists under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369, the Court notes that, in this case, it does not. *See, e.g., Case v. ANPAC La. Ins. Co.*, 466 F. Supp. 2d 781, 788-98 (E.D. La. 2006); *Southall v. St. Paul Travelers Ins. Co.*, No. 06-3848, 2006 WL 2385365, at *5-6 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 WL 2375593, at *2-4 (E.D. La. Aug. 15, 2006).